## ANDERSON *v.* GERMAIN *et al.*

*(Circuit Court, W. D. Pennsylvania.* November 13, 1891.)

1. PATENTS FOR INVENTIONS—JURISDICTION.
   Where a manufacturer has his factory and place of residence and business in one district, and also sells by an agent resident in another district, manufactured articles claimed to infringe, he does not become an inhabitant of the district in which the articles are sold by the agent, and suit for infringement of letters patent cannot be brought against him in that district, by service on the agent.

2. SAME—PRELIMINARY INJUNCTION.
   Where an inventor and others have manufactured and sold articles prior to the grant of design letters patent therefor, and the only proof of infringement, since the grant of the patents, relates to a single sale, made shortly after the grant of the patents, but prior to the establishment of their validity, and prior to notice of the patents, the articles not being marked patented, a preliminary injunction should be denied.

In Equity. Motion for a preliminary injunction.

Germain is a manufacturer of wooden mantels, having his factory, residence, and place of business in the state of Michigan. Monroe, who is an inhabitant of the western district of Pennsylvania, acts as the agent for the sale of the Germain mantels in this district. Complainant has filed his bill against Germain and Monroe jointly for alleged infringement of design letters patent by the sale of such mantels; service of the writ being made on Monroe personally, and also as the agent of Germain. Motion being made for a preliminary injunction to restrain the alleged infringement, counsel for Monroe, without entering an appearance for Germain, contend that under the act of congress of 1888, c. 866, § 1, Germain not being an inhabitant of the western district of Pennsylvania, this court has no jurisdiction in this suit as against him. They also contend that a preliminary injunction should be denied, because both complainant and respondents commenced the sale of the mantels alleged to have the designs claimed in the patents prior to the grant of the patents; because complainant, after the grant of the patents, failed to mark the mantels patented; because there is proof of but a single infringing sale of 35 mantels by Monroe, which sale was made shortly after the grant of the patents; and because it does not appear that Monroe at the time of this sale had knowledge of the patents.

*W. L. Pierce,* for complainant, cited the following authorities on motion to strike off service:

*Riddle* v. *Railroad Co.,* 39 Fed. Rep. 290; *Hayden* v. *Androscoggin Mills,* 1 Fed. Rep. 96; 2 Pars. Cont. (Ed. 1873,) p. 580, note *x;* Act Assem. Pa. April 21, 1858, (1 Purd. Dig. p. 58, § 9;) *Kieley* v. *McGlynn,* 21 Wall. 520: *Holland* v. *Challen,* 110 U. S. 15, 3 Sup. Ct. Rep. 495; *Estes* v. *Belford,* 22 Fed. Rep. 276; *Zambrino* v. *Railroad Co.,* 38 Fed. Rep. 455.

*Marcellus Bailey* and *W. Bakewell & Sons,* for Monroe.

REED, J. After a careful examination of the authorities cited by complainant's counsel, I am still of the opinion that the bill cannot be maintained against Germain by service of a subpœna upon his agent in

this state. To hold that Germain became an inhabitant of this state, because he has a regular agent here for the sale of his goods, would be an extension of the meaning of the act of 1888 far beyond any reported case that I can find, and I think contrary to the spirit of the act. As to the defendant Monroe, my judgment is that, upon all the affidavits and facts presented at the hearing, a preliminary injunction ought not now to issue. The only clear evidence of infringement is contained in Mr. Monroe's affidavit, in which he admits the sale of 35 mantels of the various designs covered by complainant's patents. These were sold ·in August, 1890, very shortly after the patents were granted, and before their validity had been established. ·He swears that at that time he had no knowledge of the existence of the patents, and it was shown that sales had been made for several months, by both complainant and the defendants, before the granting of the patents, so that it is reasonable to believe that he did not know of the patents. He denies that he has taken any orders for or sold any mantels of these designs since he received notice from the complainants of his ownership of the patents. No evidence has been furnished by the complainant to disprove these statements, and the case rests upon the sale of the 35 mantels, which, under all the circumstances, would not warrant the granting of the preliminary injunction. The complainant may at any time hereafter, however, renew his motion, if he should discover evidence of further infringement. The motion must be for the present refused; and it is so ordered.